IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT ADELMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | FILED: NOVEMBER 25, 2008 |
| v. | ) No. | 08CV6741 |
| | ) | JUDGE NORDBERG |
| NATIONAL RAILROAD PASSENGER | ) | MAGISTRATE JUDGE BROWN |
| CORPORATION, d/b/a AMTRAK, | ) | RCC |
| NORFOLK SOUTHERN RAILWAY | ) | |
| COMPANY, LOUIS T. BURKE, III; and | ) | |
| LYNN HALBERSTADT. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

NOW COMES the defendant NATIONAL RAILROAD PASSENGER CORPORATION by undersigned counsel, and files this Notice of Removal pursuant to 28 U.S.C. § 1446.

The grounds for removal are as follows:

1. The Complaint in the captioned matter was filed in the Circuit Court of Cook County on or about November 20, 2008. (A copy of the Complaint is attached hereto as Exhibit "A") In this Complaint, Plaintiffs seek recovery for injuries allegedly sustained on November 30, 2007 while traveling as a passenger on an Amtrak train which was involved in a collision with a Norfolk Southern freight train in Chicago, Illinois.

2. This Notice of Removal is being filed with this Court within thirty (30) days from the earliest date when the defendant had notice of and was in receipt of the complaint. Defendant National Railroad Passenger Corporation was served with a copy of the complaint on or about November 21, 2008. On information and belief, the remaining defendants have not been served.

3. Pursuant to 28 U.S.C. §1331, the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States. Pursuant to §1349, the district courts "shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, *unless the United States is the owner of more than one-half of its capital stock.*" (emphasis added)

Said otherwise, the district courts shall have original jurisdiction of civil actions against a corporation where the United States owns more than one-half of the capital stock. See, e.g., *Osborne v. Bank of the United States*, 22 U.S. (9 Wheat) 738 (1824)(since the Bank of the United States was created by an Act of Congress any suit to which the bank was a party was a suit arising out of the laws of the United States); *Pacific Railroad Removal Cases*, 115 U.S. 1 (1885)(suits involving federally chartered corporations, even ones that were privately owned, created federal questions and were within original jurisdiction of district courts); *see also* 13B C. Wright, A. Miller, & E. Cooper, FEDERAL PRACTICE AND PROCEDURE, sec. 3571, at 176-178 (2d Ed. 1984)("Thus there is federal jurisdiction without more of an action by or against a corporation if the United States owns more than half of the capital stock of the corporation.")(and cases cited therein).

4. Defendant National Railroad Passenger Corporation was created by an Act of Congress (45 U.S.C. § 501 *et seq.*), and was incorporated pursuant to 45 U.S.C. §§ 541 and 542, now codified under 49 U.S.C. §§ 24301, *et seq.*. Additionally, the United States is the owner of more than one-half of the National Railroad Passenger Corporation's capital stock.

5. Because the United States is the owner of more than one-half of the National Railroad Passenger Corporation's capital stock, under the case law and authorities cited, this Court has original jurisdiction of this matter. *Adkins v. Illinois Central Railroad* Co., 326 F.3d 828, 848 (7th Cir. 2003); *Estate of Wright v. Illinois Central Railroad*, 831 F. Supp. 574 (S.D. Miss. 1993)(National Railroad Passenger Corporation was subject to federal question jurisdiction under §§ 1331 and 1349). See also *In Re Rail Collision Near Chase, Maryland on January 4, 1987 Litigation*, 680 F. Supp. 728 (D. Md. 1987).

6. This cause does not arise under the worker's compensation laws of any state and is not brought under 45 U.S.C. §51-60 or 49 U.S.C. §11707 against a common carrier, railroad or their receivers of trustees. Therefore, this cause is removable to this Court pursuant to 28 U.S.C. §1441(a).

7. This Notice of Removal is filed on behalf of defendant National Railroad Passenger Corporation. The defendant Norfolk Southern Railway Company, also represented by undersigned counsel, has not been served but consents to this removal.

8. Further, in accordance with 28 U.S.C. § 1446(d), undersigned counsel has given written notice of the filing of this Notice of Removal by hand-delivery with attached exhibits to plaintiff through his counsel Jerry A. Esrig, Zaideman & Esrig, P.C., 10 S. Riverside Plaza, Suite 1020, Floor, Chicago, Illinois 60606. In further compliance with § 1446(d), on that same date, the defendant herein also filed with the clerk of the Circuit Court of Cook County a copy of this Notice of Removal.

WHEREFORE, Defendant NATIONAL RAILROAD PASSENGER CORPORATION files this Notice of Removal so that the entire state court action under Cause No. 08 L 12978 now pending in the Circuit Court of Cook County, Illinois, be removed to this Court for all further proceedings.

NATIONAL RAILROAD PASSENGER CORPORATION

By: _____
One of its attorneys

Susan K. Laing
Anderson, Rasor & Partners, LLP
55 East Monroe, Suite 3650
Chicago, Illinois 60603
(312)673-7813 (S. K. Laing)
susan.laing@arandpartners.com

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| ROBERT ADELMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| NATIONAL RAILROAD PASSENGER | ) | 2008L012978 |
| CORPORATION d/b/a AMTRAK; | ) | CALENDAR/ROOM X |
| NORFOLK SOUTHERN RAILWAY | ) | TIME 00:00 |
| COMPANY, a corporation; | ) | Railroad FELA |
| LOUIS T. BURKE, III; and | ) | |
| LYNN HALBERSTADT | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Robert Adelman, by and through his attorneys, Zaideman & Esrig, P.C., complains of the defendants National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak"); Norfolk Southern Railway Company ("Norfolk"); Louis T. Burke, III; and Lynn Halberstadt, as follows:

### FACTS COMMON TO ALL COUNTS

1. On and before November 30, 2007, defendant Amtrak was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

2. On and before November 30, 2007, defendant Norfolk was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

3. On and before November 30, 2007, Amtrak, owned, operated, managed,

1


EXHIBIT A

maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids, Michigan, and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

4. On and before November 30, 2007, defendant Louis T. Burke III was an employee and/or agent of Amtrak, was an engineer assigned by Amtrak to Amtrak train number 371 and was operating, assisting in the operation and/or charged with the operation of the train at all times pertinent.

5. On and before November 30, 2007, defendant Lynn Halberstadt was an employee and/or agent of Amtrak, was an engineer assigned by Amtrak to Amtrak train number 371 and was operating, assisting in the operation of and/or charged with the operation of Amtrak train number 371 at all times pertinent.

6. On November 30, 2007, Robert Adelman, was a paying passenger and boarded Amtrak train number 371, departing from Amtrak Station in Grand Rapids, Michigan.

7. On November 30, 2007, at approximately 11.32 a.m., Amtrak Train Number 371 traveled on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and/or controlled, or contracted to own, operate, manage, maintain, supervise and/or control by Amtrak.

8. In the alternative, on November 30, 2007, at approximately 11:32 a.m., Amtrak Train No. 371 traveled on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and/or controlled, or contracted to own,

operate, manage, maintain, supervise and/or control by Norfolk.

9. On November 30, 2007, Amtrak, owned, maintained and/or controlled or contracted to own, operate, manage, maintain, supervise and/or control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

10. In the alternative, on November 30, 2007, Norfolk owned, maintained and/or controlled or contracted to own, operate, manage, maintain, supervise and/or control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

11. On November 30, 2007, at approximately 11:32 a.m., Norfolk owned, operated, managed, maintained, supervised and/or controlled, or contracted to own, operate, manage, maintain, supervise and/or control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

12. On November 30, 2007, at approximately 11:32 a.m., Amtrak Train Number 371 struck the rear of the Norfolk Southern Railway Company's freight train stopped within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

13. In and as a proximate result of the collision between Amtrak Train Number 371 and the Norfolk Southern Railway freight train, plaintiff suffered serious and permanent injuries, incurred and will incur medical and caretaking expenses, lost and will lose substantial income, suffered and will suffer pain, was disabled, lost the ability to enjoy a normal life and was

otherwise damaged.

## COUNT I
## NEGLIGENCE-COMMON CARRIER–
## AMTRAK, BURKE AND HALBERSTADT

1-13. Plaintiff realleges paragraphs 1 through 13 of the Facts Common to All Counts as paragraphs 1 - 13 of this Count I.

14. On November 30, 2007, Amtrak, through its duly authorized agents and employees, was a common carrier and owed Plaintiff, Robert Adelman, the highest duty of care.

15. On November 30, 2007, at approximately 11:32 a.m., Amtrak, through its duly authorized agents and employees, including, but not limited to defendants Burke and Halberstadt, was negligent in one or more of the following ways:

    a. Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

    b. Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

    c. Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    d. Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    e. Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    f. Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g. Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h. Failed to slow the train pursuant to warnings on a track signal;

I. Failed to stop or slow the Amtrak train number 371 to avoid a collision;

j. Operated a passenger train at a rate of speed that was greater than was reasonable;

k. Operated the train without keeping a safe and proper lookout; and

l. Was otherwise negligent.

11. The aforementioned collision and the injuries to plaintiff occurred as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Amtrak, Burke and/or Halberstadt.

WHEREFORE, Plaintiff, Robert Adelman, demands judgment against Defendants National Railroad Passenger Corporation d/b/a Amtrak; Louis T. Burke, III; and Lynn Halberstadt, jointly and severally in an amount in excess of Fifty Thousand Dollars ($50,000).

## COUNT II
## NEGLIGENCE - NORFOLK SOUTHERN RAILWAY COMPANY

1-13. Plaintiff realleges paragraphs 1 through 13 of the Facts Common to All Counts as paragraphs 1 - 13 of this Count II.

14. On November 30, 2007, at approximately 11:32 a.m., Norfolk, through its duly authorized agents and employees, was negligent in one or more of the following ways:

a. Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b. Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both

-5-

passenger and freight trains;

c. Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d. Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e. Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

f. Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

g. Failed to slow the train pursuant to warnings on a track signal;

h. Failed to stop or slow the Amtrak train number 371 to avoid a collision;

j. Operated a passenger train at a rate of speed that was greater than was reasonable;

j. Operated the train without keeping a safe and proper lookout;

k. Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

l. Was otherwise negligent.

15. The aforementioned collision and the injuries to plaintiff occurred as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Norfolk.

WHEREFORE, Plaintiff, Robert Adelman, demands judgment against Defendant, Norfolk Southern Railway Company, a corporation in an amount in excess of Fifty Thousand Dollars ($50,000).

Respectfully submitted,

ROBERT ADELMAN

By: _____
One of His Attorneys

Jerry A. Esrig
Robert J. Zaideman
Zaideman & Esrig, P.C.
10 S. Riverside Plaza, Suite 1020
Chicago, IL 60606
312/207-0005
Attorney No. 91578

## CERTIFICATE OF SERVICE

I, Susan K. Laing, an attorney, on oath depose and say that I served a true and correct copy of the foregoing **NOTICE OF REMOVAL** on:

Jerry A. Esrig
Zaideman & Esrig, P.C.
10 S. Riverside Plaza, Suite 1020
Chicago, IL 60606

by hand delivery prior to 5:00 p.m. on November 25, 2008.

_____
Susan K. Laing

Anderson, Rasor & Partners, LLP
55 E. Monroe Street
Suite 3650
Chicago, IL 60603
312/673-7813 (S. K. Laing)